A jury convicted the defendant, Wayne E. Souza, of violating an abuse prevention order, G. L. c. 209A, § 7.[2] The defendant appeals from the judge's denial of his motion for a required finding of not guilty, asserting that the Commonwealth failed to satisfy its burden of establishing that he had notice of the extended restraining order. We affirm.
When reviewing the denial of a motion for a required finding of not guilty, we consider the evidence, together with all permissible inferences, in the light most favorable to the Commonwealth to determine whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Commonwealth v. Perez, 460 Mass. 683, 702 (2011), citing Commonwealth v. Latimore, 378 Mass. 671, 677 (1979). To sustain a conviction for a G. L. c. 209A violation, the jury had to find that: (1) a valid G. L. c. 209A order was in effect on the date of the violation; (2) the defendant knew of the order; and (3) the defendant's conduct was in violation of one of the order's prohibitions. Commonwealth v. Silva, 431 Mass. 401, 403 (2000). Here, the defendant asserts there was insufficient evidence to support a reasonable inference that he knew of the extended order's existence. We disagree.
Proof of knowledge is "frequently made" through "proof by inference from all the facts and circumstances developed at the trial ... [and t]he inferences drawn by the jury need only be reasonable and possible and need not be necessary or inescapable." Commonwealth v. Kilburn, 426 Mass. 31, 34 (1997), quoting from Commonwealth v. Stewart, 411 Mass. 345, 350 (1991). Evidence that a defendant had received a copy of the preliminary ex parte restraining order, as is the case here, "warrants the conclusion that the defendant had actual knowledge of the terms of the [later] extended order." Commonwealth v. Delaney, 425 Mass. 587, 593 (1997). See Commonwealth v. Henderson, 434 Mass. 155, 161, 163-164 (2001) (service of ex parte order on incarcerated defendant who did not attend extension hearing and received the extended order months after he violated it satisfied knowledge element). Accordingly, because the Commonwealth's evidence established that the defendant received in hand a copy of the preliminary ex parte order, that he was told by the police officer delivering it that there would be an extension hearing, after which the order could be extended even in his absence, and where the preliminary ex parte order provided the date of the extension hearing and the terms of the order, there was sufficient evidence that the defendant had notice of the extended order and knew of its terms. Id. at 164. We discern no error.
Judgment affirmed.

The defendant was also charged with stalking in violation of a restraining order, G. L. c. 265, § 43(b ) ; that charge was dismissed at the request of the Commonwealth.